ALMENAS, PETITIONER AND APPELLANT, *v.* IRIARTE, MUNICIPAL JUDGE, ET AL., RESPONDENTS AND APPELLEES.

APPEAL from the District Court of San Juan in Proceedings for a Writ of Prohibition.—Change of Venue.

No. 2426.—Decided April 28, 1921.

VENUE—JURISDICTION—DAMAGES.—Considering the conflict existing between the Spanish and English texts of subdivision 1 of section 79 of the Code of Civil Procedure, it is necessary to conclude that the court having jurisdiction of an action for damages for negligence in the sum of $400 is the municipal court of the domicile of the defendant and not that of the place where the cause of action arose. Such actions are not governed by the statute cited, but by section 81 of the said code.

The facts are stated in the opinion.

*Mr. A. L. López* for the appellant.

The appellees did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Julio Almenas Quiñones from a judgment of the District Court of San Juan, Section 2, of February 5, 1921, dismissing a petition for a writ of prohibition directed to the judge of the Municipal Court of Río Piedras and to Hermenegildo Vázquez.

The verified petition shows that Hermenegildo Vázquez brought an action in the Municipal Court of Río Piedras against Julio Almenas Quiñones to recover damages in the sum of $400 on the plea that on May 8, 1920, while Almenas Quiñones was faultily and negligently driving an automobile belonging to him it collided with a car belonging to Vázquez and damaged it to the estimated sum of $400; that Almenas Quiñones was summoned in Caguas where he resided when the complaint was filed and also when the petition for the writ of prohibition was presented; that the defendant moved the said municipal court to transfer the case to the Municipal Court of Caguas, exhibiting with his motion an affidavit of merits, and demurred to the complaint, and that after hearing both parties the Municipal Court of Río Piedras en-

tered an order on February 1, 1921, overruling the motion and the demurrer.

Almenas Quiñones also alleges that since entering his appearance as defendant in the action he has taken no other step in the case except to move for its transfer to the Municipal Court of Caguas, he having filed the demurrer for the purpose of complying with the provision of section 82 of the Code of Civil Procedure; that the action asked to be transferred to the Municipal Court of Caguas is not within the jurisdiction of the Municipal Court of Río Piedras because his lawful residence is Caguas; that the order overruling the motion is not appealable, and that his petition is made in good faith and not for the purpose of delaying the proceedings.

The petition concludes with a prayer that the District Court of San Juan, Section 2, issue a writ of prohibition commanding the judge of the Municipal Court of Río Piedras. and defendant Hermenegildo Vázquez to desist and refrain from the further prosecution of the said action until the further order of the district court and show cause why they should not be absolutely restrained from taking any further proceedings in the case.

The district court ruled on the petition as follows:

"As the court is not informed by the documents presented in the case in which of the said municipalities the cause arose for the action brought in the Municipal Court of Río Piedras and, therefore, it can not decide *prima facie* whether or not the ruling of the Municipal Judge of Río Piedras refusing to transfer the case was erroneous, the court is of the opinion that the petition for a writ of prohibition does not set up sufficient grounds and consequently it is denied." .

That ruling is the basis of the present appeal.   The order shows on its face that the district court acted on the theory that the case came under section 79 of the Code of Civil Procedure, subdivision 1 of which provides, according to the

Spanish text, that an action "for the recovery of the amount of an indemnification or confiscation," except in the case specified, must be tried in the district where the cause of action, or some part of it, arose. But the Spanish text of that statute does not agree with the English text, for the latter refers to an action "for the recovery of a penalty or forfeiture imposed by statute," and not for the recovery of the amount of an indemnification.

Considering the conflict existing between the Spanish and the English texts, the latter must prevail over the former in the present case because it is the original, and we should be governed by it according to the repeated jurisprudence of this court and Act No. 8 of November 12, 1917, to determine rules of legal construction applicable in cases of discrepancies between the Spanish and English texts of any law.

None of the preceding sections of Title V of the Code of Civil Procedure, which treats of the place of trial of civil actions, being applicable, its section 81 should be applied, and it provides that in all other cases the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action.

In this case the action is a personal one for damages and as the defendant's residence is in Caguas, the Municipal Court of Caguas, and not that of Río Piedras, has jurisdiction, no matter in which of these municipalities the cause of action arose.

This being so, the writ of prohibition prayed for should be granted according to the Act of March 10, 1904, governing the matter.

The order appealed from is reversed and the writ of prohibition is granted as prayed for by petitioner Julio Almenas Quiñones.

*Reversed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.